374 F.2d 502
 Edna May RICHARDSON, Appellant,
v.
INGRAM CORP. and M/V E. B. INGRAM, a motor vessel, her boilers, engines, tackle, apparel and furniture, in a cause of contract and damage, civil and maritime.
 No. 16174.
 United States Court of Appeals Third Circuit.
 Argued February 17, 1967.
 Decided March 15, 1967.
 
 Harry Alan Sherman, Pittsburgh, Pa., for appellant.
 Edmund K. Trent, Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellee.
 Before SMITH and SEITZ, Circuit Judges, and JOSEPH S. LORD III, District Judge.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This is a suit in admiralty in which the appellant asserts claims for personal injury and for maintenance and cure. The appellee is a Delaware corporation having its principal place of business in Tennessee; the cause of action arose in Mississippi. The appellant attempted to effect service of process by certified mail addressed to the Secretary of the Commonwealth of Pennsylvania. Fed. Rules Civ.Proc., rule 4(d) (7); 15 P.S. § 2852-1011, subd. B. The matter came before the court below on the respondent's exceptions in which it challenged the service as invalid and ineffective. The court sustained the challenge, quashed the service and dismissed the libel. This appeal followed.
 
 
 2
 The appellant now concedes that under our recent decision in Hartley v. Sioux City and New Orleans Barge Lines, Inc., 373 F.2d 799 (Jan. 27, 1967), the service of process was invalid and properly quashed. However, she argues that jurisdiction of the libel should have been retained in order to afford her an opportunity to effect service by attachment or some other means. We could agree if there had been some showing in the court below that there was a reasonable prospect that service by alternative means could be effected in the near future. There was no such showing. We believe that the dismissal of the libel under these circumstances was not an abuse of discretion.
 
 
 3
 The judgment of the court below will be affirmed.