144 N.J. Super. 216 (1976)
365 A.2d 197
MARGARET MARTIN, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF ROCHELLE PARK, IN THE COUNTY OF BERGEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND JAMES D. DEMETRAKIS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 13, 1976.
Decided September 30, 1976.
*218 Before Judges CARTON, KOLE and LARNER.
Mr. Louis Gluck argued the cause for appellant.
Mr. Elmer J. Skiba argued the cause for respondent, Township of Rochelle Park (Messrs. Skiba & Atkins, attorneys).
Mr. James D. Demetrakis argued pro se (Messrs. Gross, Demetrakis and Sinisi, attorneys for respondent Demetrakis).
The opinion of the court was delivered by CARTON, P.J.A.D.
Plaintiff appeals from a summary judgment dismissing her action against defendants Township of Rochelle Park and Demetrakis as barred by the statute of limitations, N.J.S.A. 59:8-8.
Plaintiff's complaint, filed on June 25, 1975, alleged that the township intentionally and maliciously repealed a former ordinance prohibiting diners within the municipality in order to accommodate a large motel owner after informing her that the continued operation of her small diner was prohibited by the ordinance. As to defendant Demetrakis, who is the former township attorney, plaintiff asserts that he willfully and maliciously defended plaintiff's earlier suit to invalidate the "diner-prohibition" ordinance while simultaneously negotiating with representatives of the motel and drafting the present repealer ordinance. She charges that his arbitrary and capriciously discriminatory conduct against her and in favor of the motel owner resulted in damage to her.
*219 The facts in this case are somewhat unusual. It appears that in 1969 plaintiff owned a diner which she leased to a tenant. The diner was destroyed by fire that year. In July 1971 plaintiff found a new tenant to operate the diner, but was informed at that time that the township could not issue her the appropriate operating license because an ordinance adopted in August 1970 prohibited the operation of diners in the municipality. On September 15, 1971 plaintiff, without seeking a variance from the diner-prohibition ordinance, brought a prerogative writs action to declare that ordinance invalid. Judgment was entered against her in July 1972, and affirmed in October 1973 by this court. Shortly after this court's decision a newly-appointed township attorney noted, in reviewing a comparatively new ordinance of the township, that a section of it repealed the ordinance prohibiting diners. He immediately informed the Appellate Division and the interested parties and, as a result, the Appellate Division judgment was vacated.
After learning in October 1973 of the existence of the repealer ordinance, plaintiff instituted an action in February 1974 against the township charging unequal treatment and bad faith discrimination against her in favor of the motel operator. That action was voluntarily dismissed by her. On June 25, 1975 she filed the complaint which is the subject of the present suit and this appeal.
We conclude that the trial judge properly granted the summary judgment in favor of defendant municipality. The nature of this action is one for the recovery of damages against the municipality as a consequence of the misconduct of its officials. Consequently, the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., are clearly applicable, and not those of the general limitation statute, N.J.S.A. 2A:14-1 et seq.
The Tort Claims Act regulates both the substantive liability of public entities as well as the procedural requirements which must be observed when bringing a claim against a public body. The act contains a specific statute of limitations *220 barring actions against a public entity after two years from the accrual of the cause of action:
* * * The claimant shall be forever barred from recovering against a public entity if:
* * *
b. Two years have elapsed since the accrual of the claim. * * * [N.J.S.A. 59:8-8]
Thus, the date of accrual is of controlling significance.
The repealer ordinance enabling plaintiff to obtain the desired use and occupancy was enacted in November 1972. From that date plaintiff was theoretically entitled to obtain the permit she desired. The present action was not commenced until July 1975, well beyond the two-year limitation established by the act.
Plaintiff argues, however, that she should not be barred by the statute because her cause of action did not accrue until October 1973, the date when she was first informed by the present municipal attorney of the existence of the repealer ordinance. This argument invokes the "discovery" exception to the generally accepted statute of limitations rule, adopted in certain tort cases to mitigate the harsh results of rigid adherence to the general rule. Under this exception the statute of limitations does not begin to run until the injured person becomes aware, or should become aware, of the existence of his or her injury. See Fernandi v. Strully, 35 N.J. 434 (1969); Lopez v. Swyer, 62 N.J. 267, 273 (1973), and cases cited therein.
Even if the present situation could be considered as falling within the purview of the discovery exception, plaintiff's action against the municipality would still be barred. The exception applies only where the injured party has no reason to know of the existence of his claim. Lopez v. Swyer, supra, 62 N.J. at 273. Here, the ordinance in question was required by statute to be published twice before its enactment. N.J.S.A. 40:49-2(a), (d). Plaintiff was thus legally chargeable with notice of its passage. If she had no *221 actual notice of the existence of the repealer ordinance, she had reason to know of its passage since she was represented by counsel at the time and was in the midst of an appellate proceeding involving the validity of the earlier ordinance when the repealer ordinance was enacted.
Plaintiff's claim against the municipality is also barred by the notice provisions of the Tort Claims Act. N.J.S.A. 59:8-8 precludes any action against a public entity where the claimant fails to file notice of claim within 90 days of accrual of his claim. It is indisputable that plaintiff did not file the required notice of her claim within the period prescribed by the statute. Nor does this case fall within the statutory exception to N.J.S.A. 59:8-8 which authorizes, upon proper application, the court to permit the filing of the notice of claim within one year of the accrual of the claim. N.J.S.A. 59:8-9. Here, no such application was made in accordance with the statute. Nor can it be fairly argued that plaintiff's original discrimination suit against the municipality, which ended in its voluntary dismissal, constituted substantial compliance with the notice of claim requirement. Cf. Anske v. Palisades Park, 139 N.J. Super. 342 (App. Div. 1976), and cases cited therein. The complaint in that suit was not filed until February 1974, well after the expiration of the 90-day notice period, even if the accrual date of the claim be deemed to be October 20, 1973, when plaintiff allegedly first learned of the repeal of the ordinance.
As to the individual defendant Demetrakis, the action, if viable, is governed by the general statute of limitations which allows six years for such suit to be brought. N.J.S.A. 2A:14-1. The substantive liability of Demetrakis in such case is controlled by the Tort Claims Act because he was a public employee at the time of the alleged misconduct. While the act provides considerable protection to the public employee who acts in good faith, see N.J.S.A. 59:3-2(a), 59:3-3 and 59:3-6, the statute also contains the following provision:
*222 Nothing in this act shall exonerate a public employee from liability if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct. [N.J.S.A. 59:3-14(a)]
In the present case plaintiff charges that this defendant intentionally and willfully discriminated against her in favor of the motel chain. Thus, an allegation of willful misconduct and bad faith has been made and plaintiff must be afforded an opportunity to establish that defendant acted maliciously or in bad faith. See Bedrock Foundations, Inc. v. Geo. H. Brewster & Son, Inc., 31 N.J. 124, 141 (1959); Tyrell v. Burke, 110 N.J.L. 225, 227 (E. & A. 1933). We refrain from any expression of viewpoint as to the merits of plaintiff's claim against either the municipality or the individual defendant. In this connection, we note that the statute bars any claim against a public entity by reason of the willful or malicious misconduct of its employees. N.J.S.A. 59:2-10. See also, O'Connor v. Harms, 111 N.J. Super. 22 (App. Div. 1970), certif. den. 57 N.J. 137 (1970).
The judgment appealed from is affirmed as to defendant Township of Rochelle Park, but reversed as to defendant Demetrakis and remanded to the trial court for proceedings in accordance with this opinion.