Leroy C. GIPSON, Jr., d/b/a Burlington Home Builders, and L. G. Bass River, Inc., a New Jersey corporation, Plaintiff,

v.

TOWNSHIP OF BASS RIVER, a municipal corporation, Ronald Criss, Donald Mickens, William McLennon, Thurman Seay, Jeanette Snyder, Individually, and John Doe and Richard Roe, unknown defendants, Defendants.

Civ. A. No. 77-2358.

United States District Court, D. New Jersey.

April 5, 1979.

Leroy C. Gipson, Jr., pro se.

Eugene F. Lynch, East Brunswick, N. J., for plaintiff L. G. Bass River, Inc.

Malcolm S. Zlotkin, Shackleton, Hazeltine, Zlotkin & Dasti, Ship Bottom, N. J., and John W. Cerefice, Cerefice & Cerefice, Surf City, N. J., for defendants.

## OPINION

GERRY, District Judge.

Plaintiffs have moved to amend their complaint in this action. Defendant Bass River Township moved to dismiss the complaint pursuant to Rule 12, F.R.Civ.P. Defendants Ronald Criss, Donald Mickens, William McLennon, Thurman Seay and Jeanette Snyder (hereafter the "individual defendants") also moved to dismiss the complaint pursuant to Rule 12, F.R.Civ.P. On the return date for all motions, the court heard oral argument from all counsel and reserved decision pending submission of ad-

ditional briefs by the parties. Mr. Gipson subsequently sought, and was granted, additional time to submit his brief. However, ultimately Mr. Gipson decided to rely upon those papers already submitted. The following opinion constitutes the court's decision on the motions.

From the complaint and plaintiffs' submission, it seems that with the landmark decision in *So. Burlington County N.A.A. C.P. v. Township of Mt. Laurel,* 67 N.J. 151, 336 A.2d 713 (1976) in mind, plaintiff Leroy Gipson, who is black, sought to develop a low and moderate income housing development in Bass River Township. The Township is mostly rural, is situated near the Burlington-Ocean County line, and is close by the Great Bay. The Township is part of that area referred to as the "Pine Barrens."

Plaintiff alleges he entered into a contract to purchase some 200 acres of land in the Township, and thereafter "with architects and engineers, commenced substantial work on a 1,000 unit low and moderate income housing development." Plaintiff had set up Burlington Home Builders (also a plaintiff) for the purposes of constructing the housing and applying for a zoning variance. The latter was necessary because the plot was zoned five acre minimum for single family dwellings.

On May 31, 1973, plaintiff Gipson filed an application for a variance with the Secretary of the Zoning Board of Adjustment. The Board notified Gipson that the date of the hearing would be July 17, 1973. Apparently, this notice was received less than ten days before the hearing and effectively precluded Gipson from sending notice to all property owners within 200 feet of the subject property (the ten day period for adjoining land owners is statutory, N.J.S.A. § 40:55D–12, subd. b).

The Board declined Gipson's request for a postponement. At its meeting of July 17, 1973, the Board found the application to be incomplete because the required notice to property owners had not been made, nor had Gipson, the applicant, appeared. The Board therefore denied the variance.

Subsequently, Gipson appears to have written to a member of the Zoning Board, Thomas Norman, and he apparently met with Mr. Norman. However, no appeal was ever taken from the Board's decision, nor were any subsequent applications ever filed with the Township. The land now (and since June 8, 1973) is owned by another Gibson entity, L. G. Bass River, Inc., (also a plaintiff).

Plaintiffs filed suit on November 16, 1977. Basing jurisdiction on 28 U.S.C. §§ 1331 and 1343, they seek to recover damages under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985. Plaintiffs also assert pendent state claims (what the pendent claims might be is not apparent).

Plaintiffs allege that the Board's denial of the zoning variance violated the Equal Protection Clause of the Fourteenth Amendment. Accordingly, plaintiffs seek damages and attorney's fees from the Township. The individual defendants were all members of the Board of Adjustment on July 17, 1973. As against these defendants, plaintiffs allege a violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and the due process and equal protection requirements of 42 U.S.C. §§ 1983 and 1985, and consequently seek damages and attorney's fees.

### I. *Motion For Leave to Amend*

■ As to the motions under consideration, plaintiffs first seek leave to amend the complaint. Rule 15(a), F.R.Civ.P. provides that "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served." That Rule must be read in conjunction with Rule 7(a), F.R.Civ.P., which indicates that an answer is a responsive pleading to the complaint. No defendant here has as yet filed an answer. And the law in this Circuit and elsewhere is clear: filing a motion to dismiss, which the defendants did here, will not prevent a party from subsequently amending without leave of court. *Kelly v. Delaware River Joint Comm.,* 187 F.2d 93 (3d Cir.), *cert. denied,* 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614 (1951). Thus plaintiffs do not

need leave of this court to amend their complaint. Accordingly, the motion for leave to file an amended complaint will be dismissed.

## II. *Motion to Dismiss by the Individual Defendants*

The individual defendants move to dismiss the complaint against them on the grounds that (1) plaintiff failed to allege that the amount in controversy exceeds $10,000; (2) the statute of limitations bars this suit; (3) service of process on these defendants is ineffective; (4) the plaintiff failed to exhaust his remedies under New Jersey state law; and (5) the action is barred by the New Jersey Tort Claims Act.

The court agrees that service here was ineffective. "Service" was made, pursuant to an Order of Appointment (signed by the Hon. Stephen M. Orlofsky, United States Magistrate), by Izziddin Shabazz, by leaving copies of the Summons and Complaint for the individuals with Mr. Norman G. Mathis, Clerk of the Township of Bass River. In response to this motion, plaintiff in his brief asserts that service on the Township Clerk was effective because the individuals, as members of the Zoning Board of Adjustment, were "in their official capacity . . respective agents for the defendant Township of Bass River."

The individual defendants have all been sued in their individual capacities. The Federal Rules permit service upon an individual defendant in two ways. First, pursuant to F.R.Civ.P. 4(d)(1),

> Upon an individual . . . by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

█ Since defendants were not personally served, that leaves the "dwelling house or usual place of abode" or "agency" methods. Clearly, leaving process at defendants' place of employment does not qualify under the dwelling house or place of abode method. *Bell v. Hosse,* 31 F.R.D. 181 (D.Tenn. 1962). *See* 4 Wright & Miller, *Federal Practice and Procedure,* § 1096, 2 *Moore's Federal Practice,* ¶ 4.11[2].

█ As to service on an agent, the agent must be one who is authorized either by appointment or by law to receive service. Rule 4(d)(1), F.R.Civ.P. The cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process is normally expected. *Fleming v. Malouf,* 7 F.R.D. 56, 57 (W.D.N.Y.1947); *Szabo v. Keeshin Motor Express Co.,* 10 F.R.D. 275, 276–277 (N.D. Ohio 1950). The court here finds that the Township Clerk was not an agent authorized by appointment to receive service of process. There is absolutely no evidence that defendants intended to confer such authority upon the Clerk. Furthermore, plaintiffs' agency argument is specious. Though the members of the Zoning Board of Adjustment might, by some incredible stretch of imagination, be considered "agents" of the Township (which plaintiffs contend), the "agent" defined in Rule 4(d)(1) is the *person served.* That is, the person served must be the agent of the defendants.

Nor is the Township Clerk an agent authorized by law to receive service of process for these defendants. Plaintiffs point to no law designating the Township Clerk as agent for purposes of service for members of a Zoning Board of Adjustment. Nor did an independent examination of New Jersey law by this court reveal one. Thus, none of the provisions of Rule 4(d)(1) applies.

That leaves the other method of service on individuals. Pursuant to Rule 4(d)(7), service may be made "in the manner prescribed by the law of the state in which the district court is held." New Jersey's law is embodied in Rule 4:4–4(a), which is almost identical to Federal Rule 4(d)(1). Accordingly, for the reasons expressed above pertaining to the federal rule, none of the options available for service were complied

with. *And see Heinzer v. Summit Fed. S. & L. Ass'n,* 87 N.J.Super. 430, 209 A.2d 662 (App.Div.1965) (service upon defendant's wife at a place of business owned and operated by both of them is ineffective).

■ The court thus concludes that service was not effectively made upon these defendants. Defendants would have us dismiss the complaint against them as a result. However, when presented with insufficient service of process in a Rule 12(b)(5) motion, which this court will treat defendants' motion as, the court has broad discretion to dismiss the action *or* to retain the case but quash the service that has been made on the defendant. *See Picking v. Pennsylvania R. R. Co.,* 151 F.2d 240 (3d Cir. 1945). The latter course is the one this court will follow since there is a reasonable prospect that plaintiff ultimately will be able to serve defendants properly. *Richardson v. Ingram Corp.,* 374 F.2d 502 (3d Cir.), *cert. denied,* 389 U.S. 866, 88 S.Ct. 134, 19 L.Ed.2d 139 (1967). Therefore, service is quashed; plaintiff is free to again attempt to serve defendants.

■ Moreover, because of defective service, this court now has no jurisdiction over the individual defendants; they have not yet been made parties to this action. Therefore, this court is without authority to consider the other grounds of their motion to dismiss. Consequently, those motions to dismiss will be dismissed without prejudice to defendants again bringing them once service has been made.

III. *Motion to Dismiss by Bass River Township*

Defendant Bass River Township moves to dismiss the complaint against it alleging that (1) the court lacks jurisdiction over it because a municipality is not a "person" under the Civil Rights Act; (2) the complaint is barred by the New Jersey Tort Claims Act, N.J.S.A. 59:1–1 *et seq.;* (3) the complaint is barred by the statute of limitations; (4) the complaint fails to state a cause of action against the municipality because the municipality is not a proper defendant; and (5) the defendant is immune from suit.

The first contention, that the Township is not a "person" under § 1983, is based on *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). However, as counsel for this defendant recognized at oral argument, *Monroe* was overruled by *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Counsel attempts to sidestep this problem by arguing in his supplemental brief that *Monell* should be applied prospectively only, and thus this defendant is still protected by *Monroe.* Because of the conclusion the court reaches on other grounds, it isn't necessary for this court to decide whether *Monroe* applies retroactively.

■ Next, defendant Bass River argues that the action is barred by the New Jersey Tort Claims Act, specifically N.J.S.A. 59:2–3. ("A public entity is not liable for any injury resulting from an exercise of judgment or discretion vested in the entity [and moreover] is not liable for legislative or judicial action or inaction, or administrative action or inaction of the legislative or judicial nature . . . .") It is not necessary to detail defendant's argument. A state tort claims statute simply cannot be used here to bar a federal right. Even the New Jersey courts recognize this. In *T & M Homes, Inc. v. Township of Mansfield,* 162 N.J.Super. 497, 393 A.2d 613 (Law Div. 1978), the court stated:

> The [Tort Claims] Act is not a bar to this suit. This cause involves federal rights. These rights cannot be denied by the passage of state legislation. If the contrary were true, every state could deprive its citizens of the very rights which enactments of the Federal Congress are designed to protect.

162 N.J.Super. at 506, 393 A.2d at 618. *See Donovan v. Reinbold,* 433 F.2d 738, 741 (9th Cir. 1970) (the court refused to apply the notice of claim provisions of the California Tort Claims Act so as to bar a civil rights action); *Paschall v. Mayone,* 454 F.Supp. 1289, 1298 (S.D.N.Y.1978) (. . . "there

is considerable federal authority in this circuit [second] for the proposition that notice of claim requirements simply do not apply to actions brought under the federal civil rights statutes because such conditions unfairly infringe upon the assertion of federally created rights."); *cf. Johnson v. Railway Express Agency,* 421 U.S. 454, 462 n. 7, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975) (the Supreme Court questioned whether a restrictive state statute of limitations expressly limiting a federal cause of action was an "impermissible discrimination against the federal cause of action").

■ The Township's next, and most interesting, argument concerns the proper statute of limitations to apply. Defendant offers three possibilities, the 45-day period established by New Jersey Court Rule 4:69–6; the two-year period established by N.J.S.A. 59:8–8; or the two-year personal injury statute, N.J.S.A. 2A:14–2. Plaintiffs seek to characterize this action not as a personal injury, but as an injury to property interests, for which a six-year limitations period applies. N.J.S.A. 2A:14–1. Since plaintiffs make no allegation that the alleged illegal actions of defendant Bass River Township continued beyond the date when the variance was denied, July 17, 1973, this court must assume that the cause of action accrued on that date.

The controlling limitations period for civil rights actions, since the Civil Rights Act doesn't provide one, is "the most appropriate one provided by state law." *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1978). This circuit's approach has been to apply that limitation "which would be applicable in the courts of the state in which the federal court is sitting had an action seeking similar relief been brought under state law." *Polite v. Diehl,* 507 F.2d 119, 122 (3d Cir. 1974) (*en banc*).

Normally, the courts in this circuit follow that method enunciated in *Meyers v. Pennypack Woods Home Ownership Ass'n.,* 559 F.2d 894, 901 (3d Cir. 1977):

The determination that the action sounds in tort is only the first step, however; we must identify the specific state tort most similar to the acts alleged in the complaint. We can best assess the similarity of the various state law torts to [plaintiff's] federal claim from three perspectives: (1) the defendant's conduct, (2) the plaintiff's injury, and (3) the relief requested.

In *Hughes v. Smith,* 264 F.Supp. 767 (D.N.J.1967), *aff'd* 389 F.2d 42 (3d Cir. 1968) (*per curiam*), the court applied the New Jersey two-year statute in a civil rights action brought by a prisoner who alleged he had been physically beaten by two police officers. *Page v. Curtiss-Wright Corp.,* 332 F.Supp. 1060 (D.N.J.1971) involved a suit alleging employment discrimination. The court applied the New Jersey six-year limitation, stating that the action was "founded upon an invasion of a contractual right." 332 F.Supp. at 1065. And in *Butler v. Sinn,* 423 F.2d 1116 (3d Cir. 1970), the court, without discussion, in a § 1983 case based on alleged malicious prosecution, accepted plaintiff's claim that the New Jersey six-year statute applied.

Initially, the court notes that plaintiffs' reference to "property," as opposed to "personal injury," is not controlling, nor even very helpful. *See Harris v. Obenshain,* 452 F.Supp. 1172, 1177 (E.D.Va.1978) ("mere reference to property does not change the tortious nature of a civil rights action"). Even more importantly, however, none of the above cited New Jersey actions involved a municipal defendant. And all were brought and decided before the effective date of the New Jersey Tort Claims Act— July 1, 1972. N.J.S.A. 59:14–4(a). Therefore, no precedent binds this court.

■ The court finds that the specific limitation provided in N.J.S.A. 59:8–8 controls over the more general provisions of N.J.S.A. 2A:14–1 or 14–2 and thus is more appropriate. *Cf. Paschall v. Mayone, supra,* 454 F.Supp. at 1294 ("It would seem that this specific statutory period regarding counties would control here over the more general provisions . . ."). Clearly, § 59:8–8 "would be applicable in the courts of the state in which the federal court is

sitting had an action seeking similar relief been brought under state law." *See Polite v. Diehl, supra.* The statute provides, *inter alia,* that

> The claimant shall be forever barred from recovering against a public entity if:

> . . . . .

> b. Two years have elapsed since the accrual of the claim.

N.J.S.A. 59:8–8.

In *Martin v. Rochelle Park Twp.,* 144 N.J.Super. 216, 365 A.2d 197 (App.Div.1976), the Appellate Division held that an action for recovery of damages against a municipality as a consequence of the alleged misconduct of its officials was governed by the two-year statute of N.J.S.A. 59:8–8. 144 N.J.Super. at 219–220, 365 A.2d 197. Plaintiff in *Martin* alleged that the township (the township attorney was a co-defendant) intentionally and maliciously repealed an ordinance, thus discriminating against plaintiff in favor of another corporation. 144 N.J.Super. at 218, 365 A.2d 197. Specifically, plaintiff alleged that after the township informed her that continued operation of her small diner was prohibited by ordinance, the township thereafter repealed the ordinance so that a large motel could operate a restaurant. *Id.*

That is closely analogous to the situation here. Plaintiffs sued the Township alleging that as a result of the discriminatory conduct of the Zoning Board officials, their civil rights were violated. Thus this matter can properly be "characterized" as an action for the recovery of damages against a municipality for the alleged misconduct of its officials.

Furthermore, decisions in the Second and Eighth Circuits support this court's conclusion. In *Fine v. City of New York,* 529 F.2d 70 (2d Cir. 1976), plaintiff sued under the Civil Rights Act and the Fourteenth Amendment. The court, in reversing and remanding part of the lower court's decision, stated as to the statute of limitations to be used below:

For purposes of this case, we believe the one year and ninety day period of limitation provided by New York's General Municipal Law § 50–i, governing tort claims against municipalities, would appear to be 'the most appropriate one provided by state law.'

529 F.2d at 76.

The *Fine* decision dealt only with the Fourteenth Amendment claim. But the Civil Rights Act claim had been dismissed because of the then prevailing *Monroe v. Pape, supra,* standard, since overruled by *Monell, supra,* that a municipality is not a "person" within the meaning of the Civil Rights Act. This court sees no reason to differentiate between a statutory civil rights claim or a constitutional claim for purposes of applying an "appropriate" statute of limitations. *See Lombard v. Board of Ed. of City of New York,* 440 F.Supp. 577, 584 (E.D.N.Y.1977) (applying § 50–i to a tort claim brought by a teacher against the City Board of Education which was based on the Fourteenth Amendment); *Martin Hodas, East Coast Cinematics v. Lindsay,* 431 F.Supp. 637, 640–641 (S.D.N.Y. 1977) (the court refused to apply § 50–i because, unlike *Fine,* defendants "are individuals, not cities").

Furthermore, in *Green v. Ten Eyck,* 572 F.2d 1233 (8th Cir. 1978), plaintiffs alleged that they were denied an occupancy permit by the defendant city, its building commissioner, and its mayor on the basis of their race in violation of their right to equal treatment with respect to housing. 572 F.2d at 1236. The Court of Appeals found that the lower court should have applied the three-year limitation period of *Mo.Ann. Stat.* § 516.130(1) to the 42 U.S.C. § 1983 claim. 572 F.2d at 1239. That statute applies to actions against a public official "upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty." *Mo.Ann.Stat.* § 516.130(1). *Cf. Gowin v. Altmiller,* 455 F.Supp. 743 (D.Idaho 1978) (the court suggests that *Idaho Code* § 5–219(1), which sets a two-year limit on actions against a sheriff upon any liabili-

ty incurred by the performance of any official actions, could be applied in a § 1983 action against a sheriff and deputy sheriff).

The court notes that the Ninth Circuit has consistently refused to apply the California Tort Claims Act statute of limitations to civil rights claims. *E. g., Donovan v. Reinbold,* 433 F.2d 738, 741 (9th Cir. 1970); *Ney v. State of California,* 439 F.2d 1285, 1287 (9th Cir. 1971). Those decisions are distinguishable on three grounds. First, before enactment of the California Tort Claims Act (Cal.Gov't. Code § 810, *et seq.*), the Ninth Circuit had consistently held that the limitations statute applicable to a Civil Rights Act case arising in California and there being tried was California Code of Civil ·Procedure § 338(1), which limited to three years the commencement of an action "upon a liability created by statute." *E. g., Smith v. Cremins,* 308 F.2d 187 (9th Cir. 1962). New Jersey has no such statute, nor did this circuit have any such long-standing practice it would want to foster.

Secondly, defendants in *Donovan* argued that the court should incorporate into the civil rights claim *all* the limitations and notice of claim provisions of the California Tort Claims Act. 433 F.2d at 741. This the court refused to do, essentially because it felt that the burdens of the state act would " 'practically constitute a judicial repeal of the Civil Rights Act.' " 433 F.2d at 742. But the court never distinguished between the various provisions of the Tort Claims Act, assuming instead that it was asked to apply the entire Act, rather than just the statute of limitations.

Finally, the Ninth Circuit does not employ the Third Circuit's approach of "characterizing" the underlying action and then applying the most analogous state limitation period. The Ninth Circuit has since *Smith v. Cremins, supra,* interpreted the Civil Rights Act as creating statutory liabilities for the infringement of constitutional rights, and thus applied the appropriate state limitations applicable to actions based upon liabilities created by statute. *E. g., Ney v. California, supra; Donovan v. Reinbold, supra.*

Therefore, this court will apply the express limitation found in N.J.S.A. 59:8–8 to the action against the defendant Township of Bass River. In deciding that N.J.S.A. 59:8–8 is the most "appropriate" statute of limitations to apply in this situation, the court realizes that defendants may receive differing treatment even though they may have acted jointly to injure the plaintiff. For example, it is conceivable that as a result of this decision a public entity might be protected by a two-year limitations period, while individuals, pursuant to N.J.S.A. 2A:14–1, may be sued for six years. However, the Third Circuit has recently stated that "for statute of limitations purposes, each complaint and different aspects of the same complaint may be treated differently." *Davis v. United States Steel Supply, Etc.,* 581 F.2d 335, 341 n. 8 (3d Cir. 1978); *see Meyers v. Pennypack Woods Home Ownership Ass'n.,* 559 F.2d 894, 901 (3d Cir. 1977) ("each aspect of a complaint under sections 1981 or 1982 may be given separate statute of limitations treatment depending on the nature of the specific act or acts complained of").

Consequently, this court holds that N.J. S.A. 59:8–8 is the most appropriate statute of limitations governing this action against the defendant Township of Bass River. Since the cause of action accrued on July 17, 1973, and the two-year period thus ended in July of 1975, this action against the Township is barred by the statute of limitations.

Defendant Bass River's motion to dismiss based on the statute of limitations is therefore granted. Having decided that, it is not necessary for this court to address defendant's other arguments.

In summary then, plaintiff's motion for leave to amend his complaint is dismissed. No such leave is necessary; he may amend as of right. The individual defendants' (Criss, Mickens, McLennon, Seay and Snyder) motion to dismiss is denied without prejudice. However, service of process on them is quashed. Defendant Bass River Township's motion to dismiss based on the

appropriate statute of limitations is granted. Counsel for Bass River is directed to submit an appropriate order disposing of all motions.