**NORRIS JOSEPH, Plaintiff**

v.

**BAVARIAN MOTOR WORKS, ISLAND CARS, INC., and OTHER UNKNOWN DEFENDANT, Defendants**

Civil No. 82-257

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 28, 1983

Law Office of DESMOND L. MAYNARD, St. Thomas, V.I., *for plaintiff*

JOEL W. MARSH, ESQ., St. Thomas, V.I., *for defendant BMW-AG*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of defendant Bavarian Motor Works (properly Bayerische Motoren Werke Aktiengesellschaft and hereinafter "BMW") to quash service as insufficient and dismiss or, in the alternative, to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(2), respectively.

By amended complaint filed October 6, 1982, plaintiff alleges that on October 7, 1980, he was injured in an automobile accident caused by a defect in the braking system of the BMW "Bavaria" automobile he was operating. With the amended complaint, plaintiff filed a motion for leave of Court to serve process in this action by registered mail. This motion was granted on October 18, 1982. Defendant BMW was subsequently served by registered mail in the Federal Republic of Germany.

Defendant BMW, appearing specially, argues that such service is not in keeping with the requirements of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (hereinafter "the Hague Convention"), *done* November 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, and thus must be quashed. This Court agrees.

The Hague Convention, by its terms applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," Hague Convention, art.1, 20 U.S.T. at 362, and sets out the procedures to be followed to effect such service. The Convention became binding on the United States on February 10, 1969. Upon entering into the Convention, the United States, pursuant to Article 29, declared that the Convention extends to, inter alia, the Virgin Islands. Hague Convention, Declaration of the United States 915. The Federal Republic of Germany filed its instrument of ratification on April 27, 1979, thereby becoming bound by the Convention on June 26, 1979.

Plaintiff is a resident of the Virgin Islands. Defendant is a corporation with its registered office in the Federal Republic of Germany. The Hague Convention thus governs service of process in this action.

Article 10(a) of the Convention allows direct service of process through postal channels, but leaves signatories free to object to this method of transmission. The Federal Republic of Germany, in paragraph (4) of the declaration with which it became a party to the Convention, expressly disallowed direct international service by mail to persons within its borders: "Service pursuant to Article 10 of

the Convention shall not be effected." Hague Convention, Declaration of the Federal Republic of Germany ¶4. Thus, under the terms of the Hague Convention, a would-be litigant in the United States cannot effectively serve process on a prospective defendant in the Federal Republic of Germany by mailing process directly to such intended defendant.

██ The United States being a signatory to the Hague Convention, the provisions of that convention constitute the supreme law of the land governing service of process upon persons in other signatory states. U.S. Const. art. VI, cl. 2. As plaintiff here has to date failed to serve defendant BMW in any manner consistent with the requirements of the Hague Convention, plaintiff's attempted service is legally insufficient and must be quashed.

The conclusion that it is proper to quash service does not compel the conclusion that this action should be dismissed. There being a reasonable prospect that service will be effected pursuant to the Hague Convention in the immediate future, this Court will retain the case, denying what it regards as a motion to dismiss under Fed. R. Civ. P. 12(b)(5), while quashing service. See Richardson v. Ingram Corp., 374 F.2d 502 (3d Civ. 1967).

█ Having determined that the service of process attempted here was defective, this Court lacks jurisdiction over defendant B.M.W. We are thus without authority to consider the merits of the motion of defendant B.M.W. to dismiss this action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). 5 V.I.C. § 115. See also Gipson v. Township of Bass River, 82 F.R.D. 122, 126 (D.N.J. 1979); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354 (1969).

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant Bayerische Motoren Werke Aktiengesellschaft to quash service be, and the same is, hereby GRANTED;

IT IS FURTHER ORDERED that the motion of defendant Bayerische Motoren Werke Aktiengesellschaft to dismiss this action for insufficient service be, and the same is, hereby DENIED, WITHOUT PREJUDICE to a renewed motion to dismiss under Fed. R. Civ. P. 12(b)(5) if plaintiff Norris Joseph does not properly serve defendant Bayerische Motoren Werke Aktiengesellschaft within forty-five days of the entry of this order; and

IT IS FURTHER ORDERED that the motion of defendant to dismiss action for lack of personal jurisdiction be, and the same is,

hereby DENIED, WITHOUT PREJUDICE to a renewed motion order Fed. R. Civ. P. 12(b)(2) at such time as service has been effected.