**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1218**

ADAM M. HANSAN,

                    Plaintiff – Appellant,

          v.

FAIRFAX COUNTY SCHOOL BOARD,

                    Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:09-cv-00558-GBL-TRJ)

Submitted:  November 22, 2010      Decided:  December 21, 2010

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David P. Olslund, Arnold, Maryland, for Appellant.   Thomas J. Cawley, Jill Marie Dennis, HUNTON & WILLIAMS, LLP, McLean, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adam Hansan appeals from the district court's order dismissing his case without prejudice for untimely service. Finding no reversible error, we affirm.

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant within 120 days after a complaint is filed. The district court must extend the 120-day period if the plaintiff shows good cause for his failure to timely serve the defendant. Fed. R. Civ. P. 4(m). Additionally, the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve. Fed. R. Civ. P. 6(b); Henderson v. United States, 517 U.S. 654, 662-63 (1996). We review a dismissal for untimely or improper service for abuse of discretion. Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 708 (4th Cir. 1993).

We hold that the district court did not abuse its discretion in dismissing Hansan's case. Service was untimely, as it was made almost fifteen months after the original complaint was filed and over seven months after the case was transferred from the United States District Court for the District of Maryland to the United States District Court for the Eastern District of Virginia.

Further, Hansan was unable to establish good cause or excusable neglect justifying the delay. Hansan argues that

2

there was good cause because he was effectively acting pro se while he searched for local counsel after his case was transferred and he believed that the Defendant had already been served. Pro se status, however, is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Jonas v. Citibank, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006) (holding that a pro se plaintiff's mistaken belief that service was proper did not amount to good cause). Additionally, Hansen provided no justification for his seven-month delay in finding local counsel in order to effect proper service, thus failing to demonstrate excusable neglect warranting an extension.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3