**Michael Eugene TANN, Plaintiff,**

v.

**Corporal Thomas FISHER, Defendant.**

**No. PWG–11–121.**

United States District Court,
D. Maryland,
Northern Division.

July 8, 2011.

Michael Eugene Tann, Aberdeen, MD, pro se.

Carolyn W. Skolnik, Elizabeth Bechtold Rivera, Office of the Attorney General, Baltimore, MD, for Defendant.

### MEMORANDUM AND ORDER

PAUL W. GRIMM, United States Magistrate Judge.

This Memorandum and Order addresses Defendant Corporal Thomas Fisher's Motion to Dismiss Pursuant to Rule 12(b)(5) for Insufficient Service of Process, ECF No. 6; and Plaintiff Michael Eugene Tann's Response to Defendant's Motion, ECF No. 9. Defendant has not filed a reply, and the time for doing so has passed. *See* Loc. R. 105.2. A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, Defendant's Motion is GRANTED. This Memorandum and Order disposes of ECF Nos. 6 & 9.

### I. BACKGROUND

Plaintiff brought suit in this Court, alleging that, while Plaintiff was taking pictures that Defendant perceived were of him, Defendant approached Plaintiff. Compl. ¶ 1, ECF No. 1. According to Plaintiff, Defendant asked him, " 'Am I bothering you?' " and " 'Why are you taking pictures of me?' " *Id.* Plaintiff claimed that Defendant "became extremely angry" when Plaintiff initially did not respond, and Plaintiff asked " 'How do you know the pictures are of you?' " *Id.* Plaintiff added that he then told Defendant, " 'you know who I am, that's why you are harassing me.' " *Id.* ¶ 2. Defendant arrested Plaintiff, *id.* ¶ 4, and according to Plaintiff, "engaged in a malicious prosecution of Plaintiff by bringing false charges against Plaintiff and carrying them through by going to trial on March 3, 2008, *id.* ¶ 7. Plaintiff claimed that Defendant violated his "Fourth Amendment right to not be subjected to unreasonable searches and seizure" and "committed tortuous [sic] acts of brutality, first degree assault, false imprisonment, kidnapping, and filing a false report ... against Plaintiff." *Id.* ¶ 8.

### II. ATTEMPTED SERVICE OF PROCESS

Plaintiff filed his Complaint on January 13, 2011, and had 120 days thereafter to effect service of process. Fed.R.Civ.P. 4(m). Rule 4, "Summons," provided Plaintiff with various options for serving Defendant, an individual, with a summons:

**Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). The state law, Md. R. 2–121(a), provides:

Service of process may be made ... (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery—show to whom, date, address of delivery." Service by certified mail under this Rule is complete upon delivery.

Plaintiff did not deliver a copy of the summons and complaint to Defendant personally. *See* Fed.R.Civ.P. 4(e)(1), (2)(A); Md. R. 2–121(a)(1). Nor did he leave a copy at Defendant's dwelling with another resident "of

**192**

suitable age and discretion." *See* Fed. R.Civ.P. 4(e)(1), (2)(B); Md. R. 2–121(a)(2). Nor did he mail the summons and complaint to Defendant via certified mail. *See* Fed. R.Civ.P. 4(e)(1); Md. R. 2–121(a)(3). Rather, Plaintiff enlisted the U.S. Marshals to serve the summons and complaint at Defendant's place of employment, Towson University Police Department.

■ According to Plaintiff, "the Towson University mail pick-up driver, Mike Millerson," received the summons, "brought [it] back to Towson University's post office, and . . . sent [it] to the Towson University Police Department." Pl.'s Resp. 2. But, "[s]ervice of process at a defendant's place of business does not satisfy the requirements of Rule 4(d)(1) [now Rule 4(e)(2)]." *Quann v. Whitegate–Edgewater*, 112 F.R.D. 649, 655 (D.Md.1986) (certified mailing to partnership of which individual defendant was a partner did not constitute proper service of process on individual defendant). Further, service to an individual who has not been authorized to receive service of process at a defendant's place of business does not constitute "delivering a copy of each to an agent authorized by appointment or by law to receive service of process," Fed.R.Civ.P. 4(e)(2)(C), because " 'an agent . . . must be one who is authorized either by appointment or by law to receive service.' " *Quann*, 112 F.R.D. at 655 (quoting *Gipson v. Twp. of Bass River*, 82 F.R.D. 122, 125 (D.N.J.1979) (citing Fed. R.Civ.P. 4(d)(1))). Indeed, " '[t]he cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process is normally expected.' " *Id.* (quoting *Gipson*, 82 F.R.D. at 125). Plaintiff has not shown or even suggested that Mr. Millerson was Defendant's agent. Thus, it appears that Plaintiff did not effect service of process properly by any of the mechanisms provided in Rule 4(e)(2)(A), (B), or (C), or Md. Rule 2–121(a)(1), (2), or (3), and well over 120 days have passed since Plaintiff filed his complaint.

## III.  SUFFICIENCY OF SERVICE OF PROCESS

■ Fed.R.Civ.P. 12(b)(5) provides that a defendant may assert insufficient service of process by motion as a defense to a claim for relief. On that ground, Defendant filed his Motion to Dismiss. Def.'s Mot. 1. "If service is contested, the 'plaintiff bears the burden of establishing the validity . . . pursuant to Rule 4.' " *Shlikas v. SLM Corp.*, No. WDQ–09–2806, 2011 WL 2118843, at *2 (D.Md. May 25, 2011) (quoting *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md.2006)).

In his Response, Plaintiff offers numerous variations on the theme that he properly effected service of process. He alleges that service complied with Rule 5(b)(2)(B)(i). Pl.'s Resp. 2. While that well may be the case, Rule 5 pertains to "Serving and Filing Pleadings and Other Papers"—papers other than a summons. *See* Fed.R.Civ.P. 5. The procedure for serving a summons is set forth in Rule 4 and, as explained above, Plaintiff did not follow this procedure. *See* Fed. R.Civ.P. (4)(e). Plaintiff notes that, at the time he filed his response, the period of time to effect service of process had not ended. Pl.'s Resp. 1. That is true, but since that filing, the period has expired, and Plaintiff has not shown the Court that he properly served Defendant or that he made any further attempt to do so, after Defendant's motion alerted him that his service was faulty.

■ Instead of attempting to serve Defendant, Plaintiff asked Defendant to waive service of process, pursuant to Rule 4(d)(1). Pl.'s Resp. 1 & Ex. 1, ECF No. 9–1. He argues that the request to waive service was a "step[ ] to cure any service of process defect" because "[t]he opposing party must honor that request unless good cause can be shown for refusing that request." Pl.'s Resp. 3. To the contrary, Defendant had no obligation to waive service of process. *See* Fed. R.Civ.P. 4(d)(2). Rather, a defendant may elect not to waive service, in which case "the court must impose on the defendant . . . the expenses later incurred in making service," as well as "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *Id.* The Advisory Committee's note to Rule 4(d) states that "[t]he revised rule is clear that, if the waiver is not returned and filed, the limitations period under such a law is not tolled and the action will not otherwise proceed

until formal service of process is effected." Fed.R.Civ.P. 4(d) advisory committee's note (1993). Thus, a request for waiver is not tantamount to waiver, and Plaintiff's request did not eliminate the requirement that he serve Defendant properly. Plaintiff has not "establish[ed] the validity" of the service of process. *See Shlikas,* 2011 WL 2118843, at *2; *O'Meara,* 464 F.Supp.2d at 476.

## IV. GOOD CAUSE TO EXTEND TIME FOR SERVICE

■ If a plaintiff does not carry its burden, then Rule 4(m) governs the disposition of the case. It provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause "requires a showing that the plaintiff 'made reasonable and diligent efforts to effect service prior to the 120–day limit, which may include a showing that plaintiff's attempts at service were unsuccessful due to a putative defendant's evasion of process.'" *Hai Xu v. FMS Financial Solutions, LLC,* No. ELH–10–3196, 2011 WL 2144592, at *2 n. 3 (D.Md. May 31, 2011) (quoting *Quann,* 112 F.R.D. at 659). Thus, the court may find good cause "where the plaintiff has 'taken some affirmative action to effectuate service of process upon the defendant or ha[s] been prohibited, through no fault of his own, from taking such an affirmative action.'" *Tenenbaum v. PNC Bank Nat'l Ass'n,* No. DKC–10–2215, 2011 WL 2038550, at *4 (D.Md. May 24, 2011) (quoting *Vincent v. Reynolds Mem'l Hosp., Inc.,* 141 F.R.D. 436, 437 (N.D.W.Va. 1992)). For example, in *Geller v. Newell,* 602 F.Supp. 501, 502 (S.D.N.Y.1984) (discussed in *Quann,* 112 F.R.D. at 660), upon notice that his attempt at service was ineffective, "Plaintiff made extensive inquiries and finally located defendant," at which time "[p]rompt arrangements were made for personal service on defendant." The court "ha[d] no difficulty

concluding that plaintiff had good cause for the 14 day delay" that occurred, and "dismissal [was] unwarranted." *Id.*

■ "*Pro se* status, however, is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." *Hansan v. Fairfax Cnty. Sch. Bd.,* 405 Fed.Appx. 793, 794 (4th Cir.2010); *see McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Jonas v. Citibank,* 414 F.Supp.2d 411, 416 (S.D.N.Y.2006) (stating, in context of motion to dismiss pro se plaintiff's complaint, that "a mistaken belief that service was proper does not constitute good cause"; and "neglect and inadvertence do not suffice"). Additionally, "[a] plaintiff's failure to seek an extension of time undermines the defense of good cause." *Jonas,* 414 F.Supp.2d at 416.

■ Plaintiff quotes Rule 4(m), Pl.'s Resp. 2, but then does not address good cause specifically. Yet he claims that he intended for the U.S. Marshals Service to serve Defendant personally at the police department. Pl.'s Resp. 2. According to Plaintiff, "[t]he process receipt and return form lists the defendant as Corporal Thomas Fisher," and "[t]he form asks where to 'SERVE AT.'" Pl's Resp. 2. Plaintiff explains that he "listed Towson University Police Department—Towson University as the location to 'SERVE AT.'" *Id.*

Unfortunately for Plaintiff, he misunderstood the form. The form has a line on which to indicate whom to serve, next to the word "SERVE" and below the instruction "NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN." Pl.'s Resp. Ex. 3, ECF No. 9–3. On that line, Plaintiff wrote "Towson University Police Department" instead of "Corporal Thomas Fisher." *Id.* Next, the form has a line on which to indicate the location at which to serve that defendant, next to the word "AT" and below the instruction "ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)." *Id.* On that

line, Plaintiff wrote the address for the Towson University Police Department. *Id.* Evidently, Plaintiff lumped "SERVE" and "AT" together and used the two boxes to indicate the location, i.e., where to "SERVE AT." *See id.* As a result, the U.S. Marshals served Towson University Police Department, not Defendant. Pl.'s Resp. 2.

Plaintiff's submission of the form to the Marshals may have been a " 'reasonable' " effort to use a form he did not understand. *Hai Xu,* 2011 WL 2144592, at *2 n. 3 (quoting *Quann,* 112 F.R.D. at 659). It is indeed an "affirmative action to effectuate service of process upon the defendant." *Tenenbaum,* 2011 WL 2038550, at *4. But, his "mistaken[ ] belie[f] that service was made properly" does not establish good cause. *Hansan,* 405 Fed. Appx. at 794. Moreover, Plaintiff concedes that the Marshals did not serve Defendant personally, demonstrating that as of April 15, when he submitted his Response and before the period for serving process had run, he was aware of the insufficiency of his service of process. *Id.* Further, as discussed above, Plaintiff did not resubmit the form to correct his error after he learned that Defendant did not receive service of process. Plaintiff's one follow-up effort—to ask Defendant to waive process—is leagues below those made by the plaintiff in *Geller,* 602 F.Supp. at 502, and does not constitute " 'diligent efforts.' " *Hai Xu,* 2011 WL 2144592, at *2 n. 3 (quoting *Quann,* 112 F.R.D. at 659). Additionally, Plaintiff never sought an extension of time to effect service of process,[1] which "undermines the defense of good cause." *Jonas,* 414 F.Supp.2d at 416. Because Plaintiff failed to demonstrate good cause, the Court is not required to "extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m).

## V. DISPOSITION OF THE CASE

Nonetheless, the Court may "order that service be made within a specified time." Fed.R.Civ.P. 4(m). The Advisory Committee's note to Rule 4 explicitly states that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown.*" Fed.R.Civ.P. 4(m) advisory committee's note (1993) (emphasis added); *see Hai Xu,* 2011 WL 2144592, at *2 (discussing 1993 amendment to Rule 4(m)); *Williams v. CompUSA,* No. ELH–10–2219, 2011 WL 2118692, at *2 (D.Md. May 27, 2011) (same); *Tenenbaum,* 2011 WL 2038550, at *3 (same). The Advisory Committee's note further provides: "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action." Fed.R.Civ.P. 4(m) advisory committee's note (1993).

While Rule 4(m) and the Advisory Committee's note discussing it are informative, they still must be construed in concert with the latest published Fourth Circuit opinion to address Rule 4(m), *Mendez v. Elliot,* 45 F.3d 75 (4th Cir.1995). There, the Fourth Circuit stated that former Rule 4(j), which required dismissal if the plaintiff did not show good cause for extending the 120–day period,[2] "was edited without a change in substance and·renumbered as Rule 4(m), effective December 1, 1993." *Mendez,* 45 F.3d at 78. On that basis, and in conflict with the express language of the Advisory Committee's note to the 1993 amendment, the Fourth Circuit concluded that "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, *the complaint must be*

---

1. Plaintiff could have moved for an extension of time pursuant to Fed.R.Civ.P. 6(b)(1), which provides:

   (1) **In General.** When an act may or must be done within a specified time, the court may, for good cause, extend the time:

   (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

   (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

   No good cause was shown for the Court to extend the time before it expired, *see* Fed.R.Civ.P. 6(b)(1)(A), and since its expiration, Plaintiff has

not moved for the Court to extend his deadline, *see* Fed.R.Civ.P. 6(b)(1)(B).

2. Former Rule 4(j) provided:

   **Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant....

   Fed.R.Civ.P. 4(j) (1988).

*dismissed absent a showing of good cause.*" *Id.* (emphasis added). The Fourth Circuit emphasized that, "[w]hether the court acts before or after the deadline for service has passed, however, the court may only grant the extension *for good cause.*" *Id.* (emphasis added) (upholding dismissal because plaintiff "failed to satisfy Rule[ ] 4(m) ... by failing to establish ... good cause for the lack of service").

After *Mendez,* the Supreme Court stated clearly, albeit in dicta, that "current Rule 4(m)[ ] permits a district court to enlarge the time for service 'even if there is no good cause shown.'" *Henderson v. United States,* 517 U.S. 654, 658 n. 5, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) (quoting Fed.R.Civ.P. 4(m) advisory committee's note (1993)). Lest that statement be overlooked, the Supreme Court reiterated that, through the 1993 amendment to Rule 4(m), "courts have been accorded discretion to enlarge the 120–day period 'even if there is no good cause shown.'" *Id.* at 662, 116 S.Ct. 1638 (quoting Fed.R.Civ.P. 4(m) advisory committee's note (1993)). Additionally, "other circuit courts have universally determined that courts have discretion to extend the 120–day deadline, even where good cause is lacking." *Tenenbaum,* 2011 WL 2038550, at *4.

Since then, the Fourth Circuit has revisited the extent of the Court's discretion to extend the deadline for service of process under Rule 4(m), but without consistency or definiteness, and only in unpublished opinions. *Compare Hansan,* 405 Fed.Appx. at 793–94 (stating that, pursuant to Rule 4(m), "[t]he district court must extend the 120–day period if the plaintiff shows good cause for his failure to timely serve the defendant"), *and Akinrinade v. Serv. Am. Corp.,* 211 F.3d 1264 (4th Cir. April 25, 2000) (unpublished) (affirming dismissal because plaintiff "failed to show good cause to justify extending the 120–day period for serving process upon Service America Corporation"; citing *Mendez,* 45 F.3d at 78, for the proposition that Rule 4(m) "does not provide relief from time defenses such as statute of limitations"), *with Giacomo–Tano v. Levine,* No. 98–2060, 1999 WL 976481, at *1 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good

cause, the district court may in its discretion grant an extension of time for service."). In *Scruggs v. Spartanburg Reg'l Med. Ctr.,* No. 98–2364, 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999), the Fourth Circuit stated that the Supreme Court's dicta in *Henderson* was "persuasive as to the meaning of Rule 4(m)" and that "the district court, in its discretion, could have extended the time for proper service of process." Yet the court reserved for "another day—a day when both parties are prepared at least to address the issue and the party who might benefit from such a rule is at least arguably entitled to such benefit—formal adoption of the *Henderson* dicta as the appropriate construction of Rule 4(m) in our Circuit." *Id.* at *3.

This Court previously has observed that "[t]he Advisory Committee Notes to Rule 4(m) contradict th[e] conclusion" in *Mendez* that the "1993 amendment to Rule 4(m) edited the rule 'without a change in substance,'" such that good cause may no longer be a requirement for extending the period to effect service of process. *Tenenbaum,* 2011 WL 2038550, at *3 (quoting *Mendez,* 45 F.3d at 78); *Hai Xu,* 2011 WL 2144592, at *2 (same); *Williams,* 2011 WL 2118692, at *2 (same). As a result of this contradiction and the *Henderson* dicta, some opinions in this Court "regard *Mendez* as binding circuit precedent, while others have concluded that '*Mendez* is no longer good law.'" *Hai Xu,* 2011 WL 2144592, at *2 (collecting cases that note that "it is unclear, in this circuit, whether Rule 4(m) vests a court with discretion to grant an extension of the 120–day deadline, in the absence of good cause") (citations omitted). Yet, this Court "consistently [has] held that, even if good cause is no longer an absolute requirement under Rule 4(m), 'the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule.'" *Hai Xu,* 2011 WL 2144592, at *2 (quoting *Hoffman v. Balt. Police Dep't,* 379 F.Supp.2d 778, 786 (D.Md. 2005)). More fundamentally, this Court recently observed that "while *Mendez* may stand on shaky footing, it remains the law of this circuit." *Tenenbaum,* 2011 WL 2038550, at *4. And, in its most recent decision resolving whether dismissal was required when

Plaintiff failed to show good cause,[3] this Court concluded that, because the plaintiff "ha[d] not shown good cause for his failure to effect proper service within the extended deadline, the Court 'must dismiss the action.'" *Shlikas,* 2011 WL 2118843, at *3 (quoting Fed.R.Civ.P. 4(m)).

## VI. CONCLUSION

Accordingly, in recognition of the stare decisis nature of the *Mendez, Shlikas,* and *Tenenbaum* decisions, I conclude that, because Plaintiff has not shown good cause for extending the deadline for effecting service of process, I must dismiss this case. *See Mendez,* 45 F.3d at 78; *Shlikas,* 2011 WL 2118843, at *3; *Tenenbaum,* 2011 WL 2038550, at *4. Defendant's Motion is GRANTED, and Plaintiff's claim is DISMISSED WITHOUT PREJUDICE.[4]

So ordered.

**3.** This Court issued its opinions in *Hai Xu* and *Williams* within a week after *Tenenbaum* and *Shlikas,* but in *Hai Xu* and *Williams,* the Court discussed Rule 4(m) without concluding whether good cause was required for an extension of the period to effect service of process. *See Hai Xu,* 2011 WL 2144592, at *3 (granting an extension "without a finding that plaintiff has shown good cause, or any 'other reasoned basis' for the extension," but granting the extension "without prejudice to [the defendant's] right ... to move to vacate the extension as improvidently granted, and to seek dismissal of the Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5)"); *Williams,* 2011 WL 2118692, at *3 (same).

**4.** The statute of limitations may have run on Plaintiff's claim. This dismissal without prejudice does not permit Plaintiff "to refile without the consequence of time defenses, such as the statute of limitations." *Mendez,* 45 F.3d at 78. Plaintiff is cautioned that if he "refile[s] his complaint with knowledge that it is time-barred, he ... may be subject to sanctions under Fed. R.Civ.P. 11." *Hammad v. Tate Access Floors, Inc.,* 31 F.Supp.2d 524, 528–29 (D.Md.1999).